# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1609V
UNPUBLISHED

| | |
|---|---|
| JESUS ROMO-VILLANUEVA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 25, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Henry L. Jacobs*, Law Offices of Henry Jacobs, PLLC, Tucson, AZ, for petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 17, 2018, Jesus Romo-Villanueva filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS). Petition at 1. Petitioner further alleges that his GBS persisted for more than six months, and that neither he nor any other party has ever filed any action or received compensation in the form of an award or settlement for his vaccine-related injury. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 12, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 21, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $160,198.04, representing compensation for life care expenses expected to be incurred during the first year after judgment ($15,198.04), and pain and suffering ($145,000.00), in the form of a check payable to Petitioner, Jesus Romo-Villanueva.**

2. **A lump sum payment of $11,473.17, representing compensation for satisfaction of a Medicaid lien, payable jointly to Petitioner and Equian, and mailed to:**

   Equian
   P.O. Box 182643
   Columbus, OH 43218-2643
   Equian event number: 55239150

3. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JESUS ROMO-VILLANEUVA, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 18-1609V ) Chief Special Master Brian Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 17, 2018, Jesus Romo-Villanueva ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS") from an influenza ("flu") vaccination administered on October 11, 2017. Petition at 1. On November 1, 2019, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner is entitled to compensation in this case, concluding that petitioner suffered GBS following a flu vaccine he received on October 17, 2018. ECF No. 17. On November 12, 2019, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 19.

### I. Items of Compensation

A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN MS, CNLCP, CCM, and petitioner engaged Brook Feerick, RN, CCM, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the

life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Jesus Romo-Villanueva, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

      B.      Pain and Suffering

Respondent proffers that petitioner should be awarded $145,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      C.      Medicaid Lien

Respondent proffers that Jesus Romo-Villanueva should be awarded funds to satisfy a Medicaid lien in the amount of $11,473.17, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of Jesus Romo-Villanueva from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 11, 2017, under Title XIX of the Social Security Act.

**II.**      **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $160,198.04, representing compensation for life care expenses expected to be incurred during the first year after judgment ($15,198.04) and pain and suffering ($145,000.00), in the form of a check payable to petitioner, Jesus Romo-Villanueva.

    B. A lump sum payment of $11,473.17, representing compensation for satisfaction of a Medicaid lien, payable jointly to petitioner and:

> Equian
> P.O. Box 182643
> Columbus, OH 43218-2643
> Equian event number: 55239150

Petitioner agrees to endorse this payment to Equian.

    C. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

3

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jesus Romo-Villanueva, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Jesus Romo-Villanueva, is alive at the time that a particular

---

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

4

payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jesus Romo-Villanueva's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

A.    Lump Sum paid to petitioner, Jesus Romo-Villanueva:    **$160,198.04**

B.    Medicaid lien:    **$ 11,473.17**

C.    An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

<u>s/ LARA A. ENGLUND</u>
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail: lara.a.englund@usdoj.gov

Dated: May 21, 2021

**Appendix A: Items of Compensation for Jesus Romo-Villanueva**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-8 | Compensation Years 15-Life |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2021 | 2022-2025 | 2026 | 2027-2034 | 2035-Life |
| Medicare Part B Premium | 5% |  | M | 1,782.00 | 1,782.00 |  |  |  |
| Medicare Advantage MOP | 5% |  |  | 3,400.00 | 3,400.00 | 3,400.00 | 3,400.00 | 3,400.00 |
| Primary Care | 5% | * |  |  |  |  |  |  |
| Neurologist | 5% | * |  |  |  |  |  |  |
| CBC, Chem Panel, UA | 5% | * |  |  |  |  |  |  |
| EMG/NCV | 5% | * |  |  |  |  |  |  |
| X-rays of Lower Back | 5% | * |  |  |  |  |  |  |
| Gabapentin | 5% | * |  |  |  |  |  |  |
| Ibuprofen | 4% |  |  | 22.62 | 22.62 | 22.62 | 22.62 | 22.62 |
| Tylenol | 4% |  |  | 14.40 | 14.40 | 14.40 | 14.40 | 14.40 |
| OT | 4% | * |  |  |  |  |  |  |
| PT | 4% | * |  |  |  |  |  |  |
| Individual Psychotherapy | 4% | * |  |  |  |  |  |  |
| Cane | 4% |  |  | 28.00 | 9.33 | 9.33 | 9.33 | 9.33 |
| Walker | 4% |  |  | 38.00 | 7.60 | 7.60 | 7.60 | 7.60 |
| Manual WC | 4% | * |  |  |  |  |  |  |
| Shower Chair | 4% |  |  | 84.00 | 16.80 | 16.80 | 16.80 | 16.80 |
| Hand Held Shower | 4% |  |  | 35.62 | 5.94 | 5.94 | 5.94 | 5.94 |
| Adjustable Bed | 4% | * |  |  |  |  |  |  |
| Life Alert | 4% |  |  | 409.40 | 359.40 | 359.40 | 359.40 | 359.40 |
| Home Health Aid | 4% |  | M | 9,048.00 | 9,048.00 | 9,048.00 | 18,096.00 | 18,096.00 |
| Ancillary Services (Handyman) | 4% |  |  | 336.00 | 336.00 | 336.00 | 336.00 |  |
| Pain and Suffering |  |  |  | 145,000.00 |  |  |  |  |
| Medicaid Lien |  |  |  | 11,473.17 |  |  |  |  |
| Annual Totals |  |  |  | 171,671.21 | 15,002.09 | 13,220.09 | 22,268.09 | 21,932.09 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($15,198.04) and pain and suffering ($145,000.00): $160,198.04.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Equian, as reimbursement of a Medicaid lien: $11,473.17.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.