# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 18-1609V

(not to be published)

| | |
|---|---|
| JESUS ROMO-VILLANUEVA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 18, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates; Non-Compensable Billing |

*Henry L. Jacobs*, Law Offices of Henry Jacobs, PLLC, Tucson, AZ, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 17, 2018, Jesus Romo-Villanueva filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome after receipt of the influenza vaccine. (Petition at 1). On May 25, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 12, 2021 (ECF No. 47), requesting a total award of $51,344.41 (representing $44,041.90 in fees and $7,302.51 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 51). Respondent reacted to the motion on December 13, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 48). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests that I endorse the following hourly rates for attorney Henry Jacobs as follows; $383 per hour for 2017; $396 per hour for 2018; $405 per hour for 2019; $422 per hour for 2020; and $444 per hour for 2021. (ECF No. 47-1 at 1-9). Mr. Jacobs has been a practicing attorney since 2005,[3] placing him in the range of attorneys with 11-19 years of experience for all time billed. The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range.[4] However, Mr. Jacobs does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper for Mr. Jacobs to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested hourly rates to the following: $315 per hour for time billed in 2017; $325 per hour for time billed in 2018; $345 for time billed in 2019; $370 for time billed in 2020; and $400 per hour for time billed in 2021. This reduces the fees to be awarded by **$6,004.60**.[5]

B. <u>Paralegal Tasks at Attorney Rates</u>

I also find it necessary to make reductions due to attorney time billed on paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health*

---

[3] This information was independently obtained from https://www.azbar.org/for-lawyers/practice-tools-management/member-directory/

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount is calculated as follows: ($383 - $315 = $68 x 9.7 hrs = $659.60) + ($396 - $325 = $71 x 21 hrs = $1,491) + ($396 - $345= $51 x 0.40 hrs = $20.40) + ($405 - $345 = $60 x 23 hrs = $1,380) + ($422 - $370 = $52 x 31.7 hrs = $1,648.40) + ($444 - $400 = $44 x 18.3 hrs = $805.20) = $6,004.60.

3

*& Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Jacobs billed over 14 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, organization and downloading documents. Examples of these (which are not an exhaustive list) include the following:

- June 4, 2018 (0.20 hrs) "Download Petition Form";

- June 19, 2019 (4.6 hrs) "Begin work on re-ordering exhibits on medical records. Document missing pages";

- August 6, 2019 (4.8 hrs) "Prepare all exhibits in PDF format"; and

- June 8, 2020 (0.40 hrs) "Sent medical records to Brook Freedrick by drop box."

(ECF No. 47-1 at 1 and 3-5)

I shall reduce Mr. Jacobs's rate for these tasks to the same rate billed by his paralegal: $153 per hour for 2018; $156 per hour for 2019; $163 per hour for 2020 and 2021. This further reduces the awardable attorney fees by **$2,687.60**.[6]

### C. Non-Compensable Billing

Mr. Jacobs billed 1.4 hours for time spent on tasks which are not reimbursable. In particular, Petitioner requests fees associated with Mr. Jacobs' bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human*

---

[6] This amount consists of: ($325 - $153 = $172 x 1.1 hrs =$189.20) + ($345 - $156 = $189 x 11.7 hrs = $2,211.30) + ($370 - $163 = $207 x 0.70 hrs = $144.90) + ($400 - $163 = $237 x 0.60 hrs =$142.20) = $2,687.60.

4

*Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). These tasks are as follows:

- October 16, 2018 (0.50 hrs) "Complete Bar admissions materials";

- November 14, 2018 (0.70 hrs) "File on ECF registration application with US Court of Federal Claim"; and

- November 19, 2018 (0.20 hrs) "Review confirmation of attorney process"

(ECF No. 47-1 at 2-3).

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$455.00**.[7]

## ATTORNEY COSTS

Petitioner requests $7,302.51 in overall costs. (ECF No. 47-1 at 10). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, medical records, and expert fees. I find many of these costs to be reasonable, with the exception of the $281.00 charge associated with "Filing Fee to US Court of Federal Claims". (Id. at 9). Costs associated with bar admission to the Court of Federal Claims are not reimbursable in the Vaccine Program, and the request for these fees is denied. The costs to be awarded are thus reduced by **$281.00**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$41,916.21** (representing $34,894.70 in fees and $7,021.51 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

---

[7] This amount consists of $325 x 1.4 hrs = $455.00.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5

**IT IS SO ORDERED.**

          **s/Brian H. Corcoran**
          Brian H. Corcoran
          Chief Special Master